IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Coleman, # 287408, ) | C/A No.: 0:12-1967-JFA -SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| York County 16th Circuit Judicial Court, ) | |
| and Judge John C. Hayes, III, ) | |
| ) | |
| Defendants. ) | |
| ) | |

William T. Coleman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Kirkland Correctional Institution ("KCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He brings this action against several persons and entities in York County, South Carolina, alleging violations of 42 U.S.C. § 1983.[1] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). No other viable basis for the exercise of this court subject matter jurisdiction over Plaintiff's allegations is evident from the face of the complaint.

I.   Factual and Procedural Background

Plaintiff is serving a three-year sentence entered in York County on a conviction for possession of a weapon. SCDC, *Inmate Locator*, https://sword.doc.state.sc.us/scdc-public/ (last consulted October 30, 2012). Plaintiff attempts to sue the York County 16th Circuit Judicial Court and the judge who upheld a search that resulted in the seizure of Plaintiff's property that was used in evidence in his criminal case ("state criminal case").[2] [Entry #1-2 at 4]. He also alleges that the judge violated his right to a fair trial by allowing him to proceed to trial without legal assistance after he moved to dismiss his appointed counsel. *Id*.

According to Plaintiff, he was subjected to an illegal search and forced to proceed to trial *pro se*. He asks this court to provide him transcripts from the trial of his state criminal case, award him damages in the amount of $30 million, and to "reverse judgment of all cases heard by the 16th Cicuit Judicial Court with a disposition of guilty." *Id*. at 5.

II.  Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the

---

[2] It is not clear from the face of Plaintiff's complaint whether Plaintiff's conviction in the state criminal case at issue here is also the conviction for which Plaintiff is currently serving his sentence.

action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Initially, insofar as Plaintiff names York County 16th Circuit Judicial Court as a defendant in this § 1983 case, the complaint is subject to summary dismissal because the court is not a person who may be liable under § 1983. In order to state a claim for relief

under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a person acting under color of state law. *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

It is well-settled that only persons may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Because the 16th Circuit Court does not qualify as a person, it is not amenable to suit under § 1983. *See, e.g., Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center is not amenable to suit under § 1983); *see also Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983). Thus, Plaintiff's complaint cannot be corrected through amendment, and it is recommended that it be summarily dismissed with prejudice as to this defendant.

Furthermore, the claims against Judge Hayes alleging unconstitutional rulings in Plaintiff's state criminal case are barred by the doctrine of judicial immunity. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). The allegations regarding Judge Hayes all relate to the performance of his professional duties in Plaintiff's state court case. The performance of such judicial duties falls directly

within the protections of the doctrine of absolute judicial immunity, and requires dismissal of Judge Hayes.

III.  Conclusion

For the foregoing reasons, it is recommended that this case be dismissed *with prejudice* and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

October 30, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).